UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOSEPH HENDERSON,

                                    Petitioner,

         v.

RENEE BAKER, et al.,

                                    Respondents.

Case No. 3:14-cv-00639-RCJ-WGC

ORDER

This counseled habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss petitioner Joseph Henderson's first-amended petition (ECF No. 23).  Henderson opposed (ECF No. 34), and respondents replied (ECF No. 36).

## I.    Procedural History and Background

On June 27, 2008, a jury found Henderson guilty of count 1: conspiracy to commit burglary; count 2: burglary while in possession of a firearm; count 3: conspiracy to commit first-degree kidnapping; counts 4 and 5: first-degree kidnapping with use of a deadly weapon; count 6: conspiracy to commit sexual assault; counts 7, 8 and 9: sexual assault with use of a deadly weapon; count 10: conspiracy to commit robbery; counts 11 and 12: robbery with use of a deadly weapon; count 13: open or gross lewdness; and count 14: battery with use of a deadly weapon resulting in substantial bodily harm (exhibit 42).[1]  The state district court sentenced him as follows: count 1 - 12 months in

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 23, and are found at ECF Nos. 24-29.

1

the county jail; count 2 - 62 to 156 months in prison, to run concurrently with count 1;

count 3 – 24 to 60 months, consecutive; counts 4 and 5: two terms of 60 months to life,

each with a consecutive, identical term for the deadly weapon enhancement,

consecutive; count 6 – 24 to 60 months, consecutive; counts 7, 8 and 9 - three terms of

120 months to life, each with a consecutive term of 120 months to life for the deadly

weapon enhancement; count 7 to run concurrently with all other counts, counts 8 and 9

to run consecutively; count 10 – 24 to 60 months, consecutive; counts  11 and 12 – two

terms of 72 to 180 months, each with a consecutive term of 72 months to 180 for the

deadly weapon enhancement, count 11 to run concurrently with the other counts, count

12 to run consecutively; count 13 -  12 months in the county jail, to run concurrently with

the other counts; and count 14 – 62 to 156 months.  Exh. 45.  The aggregate sentence

amounted to a life term with a minimum parole eligibility of about 116 years, with almost

3 and one-half years' credit for time served.  *Id.*  Judgment of conviction was filed

September 24, 2008.  Exh. 46.

The Nevada Supreme Court affirmed Henderson's convictions on February 3, 2010,

and remittitur issued on March 2, 2010.  Exhs. 61, 62.

On September 18, 2014, the Nevada Supreme Court affirmed the denial of

Henderson's state postconviction petition, and remittitur issued on October 20, 2014.

Exhs. 103, 104.

On November 28, 2014, Henderson dispatched his federal habeas petition for filing

(ECF No. 7).  This court appointed the Federal Public Defender as counsel for

Henderson.  Respondents now argue that ground 3 of the first-amended petition does

not relate back to any timely-filed earlier petition and that grounds 1 and 2 are

unexhausted (ECF No. 23).

## II.    Legal Standards & Analysis

### a.  Relation Back

Respondents argue that ground 3 of the first-amended petition does not relate back

to a timely-filed petition and should thus be dismissed as untimely (ECF No. 23, pp. 6-

7).  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).  In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence.  545 U.S. at 655–64.  Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  545 U.S. at 657.  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.  545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, the parties do not dispute that Henderson filed his first-amended federal habeas petition about 18 months after the AEDPA statute of limitations expired and that his claims in the first-amended petition must relate back to his original *pro se* federal petition in order to be timely (ECF Nos. 23, 34).

**Ground 3**

In the first-amended petition, Henderson claims that his Sixth and Fourteenth Amendment rights to effective assistance of trial counsel were violated when his trial counsel failed to preserve the record by allowing the trial court to conduct unrecorded bench conferences (ECF No. 18, pp. 28-29).  Henderson acknowledges that he did not

raise this claim in his original federal petition (*see* ECF No. 7), but he argues that the factual background is the same as other claims timely raised: "ground 3 sets forth a claim that, by necessity, permeated the entire trial record. Every instance of alleged trial error, and Henderson alleges many, is impacted by the trial court's incomplete record" (ECF No. 34, p. 7).

This court disagrees that the core of operative facts can be fairly characterized as essentially the entire trial court record. As the Court held in *Mayle*, claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial. 545 U.S. at 655–64. The underlying factual background of the ineffective assistance of counsel claims in the original petition differs from the claim in first-amended ground 3 that counsel was ineffective for failing to ensure that the trial court recorded all bench conferences. Accordingly, ground 3 of the first-amended petition does not relate back and is dismissed as untimely.

### b.  Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal

constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106.  However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1**

In the first-amended petition, Henderson contends that the State violated his Fourteenth Amendment rights to due process and a fair trial by failing to ensure that

DNA samples remained for retesting (ECF No. 18, pp. 20-25).  Henderson argues that he was thereby deprived of a meaningful opportunity to challenge the State's most critical, if not sole, evidence.  He also argues in ground 1 that the trial court erred by failing to preclude the State from presenting evidence of the DNA and/or by failing to limit the State's use of the evidence.  *Id.*  Respondents argue that ground 1 is unexhausted or partially unexhausted (ECF No. 23, pp. 8-9; ECF No. 36, pp. 4-5).  However, having reviewed the state-court record, this court determines that Henderson fairly presented the claims that the State and the trial court violated his rights in the operative federal ground 1 to the Nevada Supreme Court in his direct appeal.  Exh. 55, pp. 10-12.  Accordingly, ground 1 is exhausted.

**Ground 2**

Henderson alleges that his trial counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights when they failed to retest the DNA materials the State had preserved (ECF No. 18, pp. 25-27).   Respondents argue that ground 2 is unexhausted.  However, Henderson raised the claims in federal ground 2 to the Nevada Supreme Court in his appeal of the denial of his state postconviction petition.  Exh. 91, pp. 31-33).  Ground 2 is, therefore, exhausted.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 23) is **GRANTED** in part as follows:

Ground 3 is dismissed as untimely;

Grounds 1 and 2 are exhausted.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** to file an answer to the remaining grounds of the first-amended petition.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** after the date of service of the answer in which to file the reply in support of the petition.


DATED: This 6th day of March, 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

7